RICKERT v. MATHEWS

(Third Division. Fairbanks. April 8, 1907.)

No. 638.

1. MINES AND MINERALS (§ 97*)—MINING PARTNERSHIP—GRUBSTAKE CONTRACT.

A grubstake contract, neither vague, uncertain, inequitable nor unjust, enforced.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 19, 122; Dec. Dig. § 97.*]

Brown & Erwin, for plaintiff.
Heilig & Tozier, for defendant.

GUNNISON, District Judge. This is an action to enforce a grubstake agreement, the substance of which is stated in the first paragraph of the complaint as follows:

"That during the month of February, 1904, at Valdez, in the territory of Alaska, this plaintiff and the above-named defendant duly entered into an agreement whereby said defendant, in consideration

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

of food, clothing, money, and supplies, then and there furnished, delivered, and paid to him by plaintiff, all of the value of $700, agreed with plaintiff that he would prospect for, and acquire by location, purchase, exchange, or otherwise, mines, mining claims, and other property in Alaska, and that plaintiff should become and be the owner of one-half of all property so acquired by him, and that he would convey to plaintiff said one-half of all such property."

It is then alleged that defendant, in pursuance of said agreement, acquired in Alaska, among other properties, certain mining claims and interests therein, and certain lots and parcels of land, which are specifically enumerated; that plaintiff is entitled to a one-half interest in all thereof, and to a conveyance of that interest, but that no such conveyance has been made. Plaintiff also alleges, upon information and belief, that defendant has acquired other property in Alaska, which he has sold for considerable sums of money, and that she is entitled to, but has never received, one-half interest therein, and that she has no knowledge sufficient to enable her to describe such property, or to state the amounts of money so received therefor.

To this complaint defendant demurs, on the ground that the same does not state facts sufficient to constitute a cause of action, and in the argument rests entirely upon the case of Marks v. Gates, 2 Alaska, 519. An examination of the pleading and a careful reading of the case cited leads the court to the opinion that the grounds upon which Marks v. Gates, supra, was decided are not present in the case at bar. The contract as set forth here seems to conform generally to the definition of a grubstake contract laid down in Marks v. Gates, 2 Alaska, 592. Nor are the allegations of the complaint as to the terms of the contract vague or uncertain in any such sense as in the case cited. Neither does it appear from the further allegations that to enforce the contract would be either inequitable or unjust. In Marks v. Gates the contract sued upon was in writing and was set forth in hæc verba,

while here it does not appear whether the agreement was oral or in writing, so that the court is not as fully informed as was the court in the former case. Not only is this true, but the facts alleged in this case are so different in character from those in the case cited that there seems but little analogy between the two. It is possible that the complaint might have been vulnerable to a motion to make more definite and certain; but, this objection having been waived, the court is not required to pass upon it.

The demurrer should be overruled. Let an order enter accordingly.